UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAJOR MARNES LEMON | No. 16 CR 229<br><br>Judge Thomas M. Durkin |

### GOVERNMENT'S OPPOSITION TO EARLY TERMINATION OF SUPERVISED RELEASE

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits this opposition to the petition filed by defendant MAJOR MARNES LEMON (hereinafter "Lemon" or "defendant") to consider early termination or reduction of supervised release and appointment of counsel in the above-captioned matter. NDIL R. 12.[1] For the reasons set forth below, the government respectfully requests that the Court deny the defendant's petition for early termination of supervised release.[2]

In 2010, defendant was convicted in the Central District of Illinois of possession with intent to distribute cocaine base (crack). Defendant's

---

[1] This matter was transferred from the Central District of Illinois to the Northern District of Illinois for the supervision of the defendant. Docket entries from the Northern District of Illinois criminal case, Case No. 16 CR 229, are cited as "NDIL R.," followed by the docket number. Docket entries from the Central District of Illinois criminal case, Case No. 09 CR 40041, are cited as "CDIL R.," followed by the docket number.
[2] The government takes no position on the defendant's petition for appointment of counsel.

1

Sentencing Guidelines range was 120 to 150 months. He was sentenced on February 10, 2010, by the Hon. Joe B. McDade to 120 months' imprisonment and 8 years' supervised release. CDIL R. 17. The judgment was amended on June 3, 2013, reducing his term of imprisonment to 72 months. CDIL R. 29. He began to serve his term of supervised release on August 20, 2014, and has served approximately four years and three months. On November 5, 2014, defendant violated his release conditions by testing positive for marijuana. He was referred to Cognitive Behavioral Therapy, which he completed on May 26, 2015. On April 5, 2016, supervision was transferred to the Northern District of Illinois. CDIL R. 30. This Court denied defendant's motion for early termination of supervised release (NDIL R. 6) on January 3, 2018. NDIL R. 9. On November 19, 2018, defendant filed the instant petition. NDIL R. 12.

Defendant was arrested two days later, on November 21, 2018, in Galesburg, Illinois, and charged with Domestic Battery/Physical Contact and Criminal Trespass to Land. Probation Officer Arturo C. Venegas has informed the government that he opposes defendant's motion for early termination of supervision due to the defendant's new arrest. The government also opposes early termination of the defendant's supervised release. According to the Offense Report, defendant went to the home of the victim, who is the mother

of his child, at approximately 2:00 a.m. Defendant wanted to pick up their child. According to the victim, defendant was intoxicated and she would not let him leave with the child. Defendant became angry and put his hand over her neck and jaw, pushing her on to a bed. She was able to pull him away, but he refused to leave her home until she called 911. She told officers that she had been through this before with defendant.

    Supervised release is intended to serve the goals of Title 18, United States Code, Section 3553(a), for example, the care and correctional treatment of defendant. His recent arrest indicates that the defendant's use of alcohol and inability to manage his anger are of continuing concern. Defendant has a lengthy criminal history, which includes narcotics, weapons, and violent offenses. While it was several years ago, he violated his conditions of release by testing positive for marijuana. His criminal history and recent arrest suggest that supervised release should continue so that defendant can obtain care and treatment as needed, and to protect the public and deter further criminal conduct.

For all these reasons, the government believes the early termination of supervision for this defendant is premature and should not be granted.

            Respectfully submitted,

            JOHN R. LAUSCH, JR.
            United States Attorney

    By: */s/ Rebekah Holman*
       REBEKAH HOLMAN
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, Illinois 60604